IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Calvin Lyndale Gaddy, #323551, ) | C/A No. 0:16-1335-JFA-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| State of South Carolina, ) | |
| State Government Agencies, ) | |
| Double Jeopardy Clause, ) | |
| Warden Joseph McFadden, ) | |
| Jeffery Hammond, ) | |
| Clerk of Court, ) | |
| Nikki R. Hailey, and ) | |
| Allen Wilson, ) | |
| ) | |
| Defendants. ) | |

Calvin Lyndale Gaddy ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at the Broad River Correctional Institution. He files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal.

## **BACKGROUND**

Plaintiff's Complaint, memorandum of law, and his many attachments are difficult to decipher because he utilized many sentence fragments and legal conclusions. [*See* Doc. 1; Doc. 10.] On or about April 26, 2016, Plaintiff filed a document that was construed as a § 1983 civil complaint. [Doc. 1.] It appeared that Plaintiff sues a clerk of court for losing certain documents within his state criminal case; and, the crux of the Complaint asserted that his conviction is unlawful and his SCDC custody is wrongful. [*Id.*] In an Order filed May

5, 2016, this Court directed Plaintiff to clarify by completing the appropriate form which type of action he is bringing—a § 1983 civil action or § 2254 habeas action. [Doc. 6.]

Plaintiff submitted a completed § 1983 civil rights complaint form wherein he requests damages for violations of his Fourteenth and Eighth Amendment constitutional rights. [Doc. 1-4; Doc. 1-5; Doc. 10.] Specifically, Plaintiff complains because his state conviction (that he is currently serving) is unlawful because he has not been legally convicted. [*See* Doc. 1; Doc. 10.] He contends there was no voir dire. [*Id.*] He further argues that the statute of limitations does not apply to this action, and the *Heck v. Humphrey*, 512 U.S. 477 (1994), rule is not controlling. [*Id.*]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2)

2

seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured

3

by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The entire Complaint should be dismissed because it is frivolous.[1] Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

The crux of this action appears to challenge Plaintiff's custody in SCDC as unlawful. To the extent Plaintiff may be seeking release from SCDC, release from prison is not available in this civil rights action.[2] *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even

---

[1] This Court refers to all parts of the Complaint as one complaint, although Plaintiff submitted different documents on different dates.

[2] Plaintiff has filed a prior habeas action in this Court pursuant to 28 U.S.C. § 2254, and this Court granted summary judgment to the Respondent. *See* Order, *Gaddy v. McCall*, C/A No. 8:10-1743-JFA-JDA (D.S.C. Sept. 27, 2011), ECF No. 56.

though such a claim may come within the literal terms of § 1983"); *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (attacking the length of duration of confinement is within the core of habeas corpus). And, to the extent Plaintiff is seeking damages or injunctive relief based on his alleged unlawful confinement in SCDC, his claim is premature because he is currently serving a sentence for a conviction that has not yet been invalidated. In *Heck*, the Supreme Court pronounced,

> . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.*

Further, the Supreme Court stated that,

> . . . when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* This is known as the "favorable termination" requirement, which Plaintiff has not alleged. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008).

Despite Plaintiff's argument to the contrary, the *Heck* holding applies to this case. Plaintiff seems to allege he was not legally convicted of the state crime that he is currently serving. This Court takes judicial notice that Plaintiff was convicted of voluntary

manslaughter in 2007 in the Lancaster County Court of General Sessions and received a 25-year sentence.  *See* Report and Recommendation, *Gaddy v. Toal*, C/A No. 8:13-2541-JFA (D.S.C. Sept. 27, 2013), ECF No. 10, *adopted by*, ECF No. 15; *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").  Plaintiff does not allege that his conviction has been invalidated, for example, by a reversal on direct appeal or a state or federal court's issuance of a writ of habeas corpus.  A favorable determination on the merits of Plaintiff's § 1983 claim would imply that Plaintiff's criminal conviction and sentence, which he is currently serving, were invalid.  Thus, this § 1983 claim should be dismissed because a right of action has not accrued.[3]

Additionally, this action is frivolous because Plaintiff has filed several prior civil actions seeking in part to attack the validity of his state conviction.  This Court has ruled that the *Heck* rule bars such a claim.  *See* Order, *Gaddy v. South Carolina Dept. of Corrections Office of General Counsel*, C/A No. 8:15-2772-JFA-JDA (D.S.C. Feb. 11, 2016), ECF No. 25, *appeal pending;* Order, *Gaddy v. Toal*, C/A No. 8:13-2541-JFA (D.S.C. Nov. 21, 2013), ECF No. 15; Order, *Gaddy v. South Carolina District Court*, C/A No. 8:13-2387-JFA-JDA (D.S.C. March 18, 2014), ECF No. 32.  Thus, Plaintiff has been informed that this type of § 1983 claim has no basis in law, and his bringing such a claim again is

---

[3]Because a right of action has not yet accrued, the limitations period will not begin to run until the cause of action accrues.  *See Morris v. Cardillo*, C/A No. 0:10-443-JFA-PJG, 2010 WL 2722997, at *2 (D.S.C. April 15, 2010), *adopted by* 2010 WL 2722992 (D.S.C. July 9, 2010).

6

frivolous. *See Nagy v. FMC Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (explaining that "[t]he word 'frivolous' is inherently elastic and 'not susceptible to categorical definition.'"); *Worley v. Keller*, 475 F. App'x 484 (4th Cir. 2012) (a suit is frivolous if it lacks an arguable basis in law or fact).

## RECOMMENDATION

It is recommended that the District Court dismiss this action without issuance and service of process based on frivolousness. It is also recommended that this action be deemed a "strike" pursuant to 28 U.S.C. § 1915(g). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McLean v. United States*, 566 F.3d 391, 399–400 (4th Cir. 2009). **Plaintiff's attention is directed to the important notice on the next page.**

June 28, 2016
Greenville, South Carolina

S/Jacquelyn D. Austin
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).