UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Calvin Lyndale Gaddy, #323551, | C/A No. 0:16-1335-JFA-JDA |
| Plaintiff, | |
| v. | ORDER |
| State of South Carolina; State Government Agencies; Double Jeopardy Clause; Warden Joseph McFadden; Jeffery Hammond, Clerk of Court; Nikki R. Haley; and Allen Wilson, | |
| Defendants. | |

The *pro se* plaintiff, Calvin Gaddy, is an inmate at the Broad River Correctional Institution. He brings this action under 42 U.S.C. § 1983 contending that the defendants violated his constitutional rights. The crux of plaintiff's complaint is that his conviction for voluntary manslaughter in 2007 in Lancaster County is unlawful and that his custody is improper.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the complaint should be summarily dismissed. The Magistrate Judge also recommends that this action is frivolous and should be deemed a

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

"strike." The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on June 28, 2016. The plaintiff filed a pleading partially entitled "Memorandum of Law Requesting Motions for 58(E) Preserving Merits Along.*baised [sic]*prejudiced*reports* Objections of Magistrate Judge Ruling Report_and_Recommendations." Therein, plaintiff contends he is in imminent danger along with a mishmash of other fragmented statements and claims. He also attaches copies of various state court documents from his 2007 conviction. The court has attempted to review these "objections" and finds them without merit.

The Magistrate Judge correctly opines that under the United States Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994), plaintiff's claim for damages and release from custody is barred where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been successfully challenged. Moreover, as plaintiff has not demonstrated that his conviction has been reversed, expunged, or declared invalid by a state court, and no federal writ has been issued, the action must be dismissed for failure to state a claim and his claim for monetary damages under § 1983 is barred by *Heck*.

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles

of law. The Report is adopted and incorporated herein by reference. Accordingly, this action is dismissed without issuance and service of process based on frivolousness.

In addition, this action is deemed a "strike" pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

August 9, 2016  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge